FILED
United States Court of Appeals
Tenth Circuit

February 6, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

JESUS ROJAS-ALVARADO,
a/k/a "Santos Acevedo-Flores,"
a/k/a "Chuy,"

       Defendant-Appellant.

No. 13-1412
(D.C. No. 1:12-CR-00420-MSK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

After entering into a plea agreement that included a waiver of his right to

appeal, Jesus Rojas-Alvarado pleaded guilty to three counts: one count of conspiracy

to possess with intent to distribute and distribution of 500 grams or more of a mixture

or substance containing a detectable amount of methamphetamine, in violation of

---

[*]     This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; one count of possession with intent to distribute 500 grams or more of a quantity of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and one count of possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court imposed a sentence of 180 months' imprisonment for the drug counts and a consecutive sentence of 60 months' imprisonment on the gun count. Mr. Rojas-Alvarado appealed. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc) (per curiam).

*Hahn* sets forth three factors to evaluate an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In response to the government's motion, Mr. Rojas-Alvarado has not challenged the government's analysis of any of these factors. Instead, through counsel, he has conceded that the appeal waiver is enforceable.

We need not consider a *Hahn* factor that a defendant does not challenge. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). Nevertheless, our independent review of the record confirms that each of the factors is satisfied. To the extent that Mr. Rojas-Alvarado wishes to pursue a claim of ineffective assistance of counsel, as indicated by his docketing statement, he should do so in a collateral

proceeding under 28 U.S.C. § 2255. *See Porter*, 405 F.3d at 1144 ("[A] defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review. This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." (internal citation omitted)); *Hahn*, 359 F.3d at 1327 n.13 (noting it did not disturb the longstanding rule that ineffective assistance claims must generally be brought in collateral proceedings).

The motion to enforce is granted and this matter is dismissed.

Entered for the Court
Per Curiam