**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

JESUS ROJAS-ALVARADO,

  Defendant - Appellant.

No. 17-1104
(D.C. Nos. 1:17-CV-00450-MSK &
1:12-CR-00420-MSK-1)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

Jesus Rojas-Alvarado, appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because Rojas-Alvarado has failed to satisfy the standard for issuance of a COA, we deny his request and dismiss this matter.

I

Rojas-Alvarado pleaded guilty pursuant to a written plea agreement that included an appellate waiver provision. He pleaded guilty to three criminal counts: (1) conspiracy

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

to possess with intent to distribute and distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; (2) possession with intent to distribute 500 grams or more of a quantity of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and (3) possessing a firearm in furtherance of a drug-trafficking crime, in violation 18 U.S.C. § 924(c)(1)(A). Rojas-Alvarado was sentenced to a term of imprisonment of 180 months for the two drug convictions and a consecutive term of imprisonment of 60 months on the firearm conviction.

Rojas-Alvarado filed a direct appeal. The government moved to enforce the appeal waiver contained in the plea agreement. On February 6, 2014, this court issued an order and judgment granting the government's motion and dismissing the matter. In the order and judgment, this court noted, in pertinent part: "To the extent that Mr. Rojas-Alvarado wishes to pursue a claim of ineffective assistance of counsel, as indicated by his docketing statement, he should do so in a collateral proceeding under 28 U.S.C. § 2255." United States v. Rojas-Alvarado, No. 13-1412, slip op. at 2-3 (10th Cir. Feb. 6, 2014). This court's mandate issued on February 28, 2014.

Approximately three years later, on February 17, 2017, Rojas-Alvarado filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He asserted in the motion that he was factually innocent of the firearm conviction because "[t]he government utterly failed to show a valid nexus between the gun" that was found in

his bedroom "and the drug trafficking activity" to which he pleaded guilty. Mot. at 3. He in turn argued that "his guilty plea was prompted by incompetent advice of defense counsel." Id. at 1.

On February 22, 2017, the district court issued an order denying Rojas-Alvarado's § 2255 motion. In doing so, the district court concluded that Rojas-Alvarado's § 2255 motion was untimely under 28 U.S.C. § 2255(f)(1) because it was filed more than one year after his conviction became final. The district court also rejected the possibility that the one-year limitations period could have run from the date that Rojas-Alvarado allegedly discovered his claim:

> Although Mr. Rojas-Alvarado asserts that he only recently discovered what sort of factual predicate [wa]s necessary to support a conviction under § 924(c)(1)(A), that discovery d[id] not support a later starting date under § 2255(f)(4) because it [wa]s apparent that the facts necessary to support the ineffective assistance of counsel claim in the § 2255 motion were known, or could have been discovered through the exercise of due diligence, before his conviction was final. In other words, Mr. Rojas-Alvarado knew the factual basis for the firearm count when he agreed to plead guilty, and he knew what advice counsel had provided with respect to pleading guilty to that count. Whether he understood the legal significance of those facts is not relevant to the Court's analysis under § 2255(f)(4).

Order at 3. In addition, the district court concluded that Rojas-Alvarado's assertion of factual innocence was insufficient to justify equitable tolling of the one-year limitation period:

> Mr. Rojas-Alvarado fails to allege any facts to support a credible claim of actual innocence under Schlup[ v. Delo, 513 U.S. 298 (1995)]. Most importantly, he fails to present any new reliable evidence that demonstrates it is more likely than not that no reasonable juror would have convicted him. Therefore, the Court finds no basis for an equitable exception to the

-3-

one-year limitation period based on actual innocence. Id. at 5. Lastly, the district court concluded that Rojas-Alvarado had failed to make a substantial showing of the denial of a constitutional right, and therefore was not entitled to a COA.

II

Rojas-Alvarado now seeks a COA from this court in order to appeal the district court's order dismissing his § 2255 motion. See 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). A substantial showing means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where, as here, a district court dismisses a § 2255 motion on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Having carefully examined Rojas-Alvarado's application for COA and the record on appeal, we conclude that he has failed to demonstrate that jurists of reason would find

it debatable whether the district court was correct in dismissing his § 2255 motion as untimely. As the district court correctly noted, a prisoner in federal custody generally has one year to file a § 2255 motion from "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), and Rojas-Alvarado's § 2255 motion was filed nearly three years after his conviction became final. Further, reasonable jurists could not disagree with the district court's conclusions that the one-year statute of limitations was not statutorily tolled under § 2255(f)(4) or equitably tolled based on Rojas-Alvarado's claim of actual innocence. Thus, we conclude that Rojas-Alvarado has failed to establish that he is entitled to a COA.

III

Rojas-Alvarado's motion to proceed in forma pauperis and his request for a COA are DENIED. This matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-5-